SUCESIÓN GONZÁLEZ, DEMANDANTE Y APELANTE, *v.* FERNÁNDEZ
ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección Primera, en pleito sobre cobro de dinero y renuncia de herencia.

No. 2274.—Resuelto en julio 28, 1921.

CONTRATO—PRUEBA SUFICIENTE.—Cuando el demandado alega en su contestación
hechos que constituyen una admisión de la existencia del contrato alegado
en la demanda, aunque alegando un precio inferior y su pago, tal admisión
hace innecesario que el demandante pruebe el contrato, quedando como única
cuestión a probar y resolver la del montante del precio y si ha sido o no
pagado.

HEREDERO—ACEPTACIÓN O REPUDIACIÓN DE HERENCIA—CAUSA DE ACCIÓN.—Como
la aceptación o repudiación de la herencia por uno de los herederos que se
ha negado a unirse a los demás en una acción contra un deudor del causante
común afectaría al montante de la sentencia que pudieran obtener los demandantes, pues mientras la aceptación les daría sólo derecho a una participación a *pro rata* en la deuda reclamada la repudiación les daría derecho a su
totalidad, tienen ellos derecho a obligarlo a elegir en un término razonable
a fijar por la corte.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. A. Marín Marién.*

Abogado de los apelados: *Sr. A. Sarmiento.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del
tribunal.

La demanda presentada en este caso alegaba entre otros
particulares, los siguientes:

"Tercero: Que allá por el mes de junio de mil novecientos catorce, el demandado convino con don José González Otero, en que
éste recibiría en su casa a Oscar y Purificación Fernández y Hernández, hijos de dicho demandado; menores de edad y bajo la patria
potestad del mismo, bajo concepto de huéspedes de aquél, debiendo
atender el señor González Otero a la manutención, hospedaje y cuidado de dichos menores de edad, y obligándose el padre de dichos
menores, o sea el demandado, a satisfacer todos los gastos que se
originaren en tales atenciones en favor de sus predichos hijos.

"Cuarto: Que desde entonces don José González Otero ha venido
subviniendo a las necesidades de los expresados hijos del demandado,
quien sólo ha satisfecho las cantidades correspondientes hasta el mes

de julio de mil novecientos catorce; habiendo invertido en tales
sostenimiento y hospedaje don José González Otero, desde el mes de
agosto del expresado año mil novecientos catorce, hasta el de junio
de mil novecientos quince, ambos inclusive, la cantidad de doscientas
nueve pesetas mensuales, en total dos mil trescientas pesetas, cantidad
que ha cobrado en distintas ocasiones al demandado, sin resultado
alguno en tales gestiones de cobro, a pesar de haberse comprometido
a remitir tales cantidades por trimestres vencidos; siendo la equiva-
lencia de dichas dos mil trescientas pesetas, cuatrocientos ochenta
dollars.''

Después de radicada esta demanda falleció el demandante
y la acción fué seguida a nombre de la viuda Vilar García
Pertierra y los hijos, con excepción de uno que se negó a
unirse como demandante.

De una demanda suplementaria que fué presentada cita-
mos lo siguiente:

''Primero: Que con posterioridad a la anterior demanda de este
caso ocurrió el fallecimiento del demandante don José González Otero,
habiendo sido declarados sus herederos los hoy demandantes en unión
del demandado Ricardo González.

''Segundo: Que dicho Ricardo González, que fué quien promovió
la anterior demanda en este caso, ahora se niega a unirse a los demás
demandantes para continuar esta acción.

''Tercero: Que dicho Ricardo González se niega también a de-
clarar si acepta o no la herencia de dicho José González Otero, y que
como con ello se perjudican los demás demandantes, pues a ellos
correspondería como herederos legítimos y forzosos la parte del que
repudia la herencia, se hace necesario determinar si dicho demandante
acepta o repudia tal herencia, pues no existen .actos del mismo que
demuestren su intención de aceptar, ni tampoco dice categóricamente
si la repudia.

''Por lo expuesto, los demandantes suplican a la corte que en
adición a la anterior demanda acepte ésta, que ordene la citación de
dicho demandado, y que en definitiva declare que los demandantes en
esta acción deben obtener sentencia contra el demandado Serapio Fer-
nández por toda la cantidad reclamada en la primitiva demanda,
teniendo a Ricardo González por apartado de la herencia indicada, o
sea, declarando que repudia la misma.''

La contestación formulada por Fernández después de negar algunos hechos alega como materia nueva lo siguiente:

"Que desde veinte y tres de octubre de mil novecientos trece tuvo el demandante José González Otero en su casa de Puerto de Vega, provincia de Oviedo, España, a los hijos del demandado Oscar y Purificación en clase de huéspedes por el precio convenido con éste de cien duros anuales por cada uno hasta el quince de junio de mil novecientos quince y que dicho precio le fué satisfecho totalmente al dicho señor González Otero."

En la contestación presentada por Ricardo González alega como defensa general lo siguiente:

"Que, en cuanto al cobro de cantidad, no le incumben los hechos que se hayan alegado en la primera demanda de la que, como demandado, no se le ha entregado copia, y

"Que niega de una manera absoluta el hecho segundo de la demanda complementaria."

Después de desestimadas las excepciones previas por falta de hechos suficientes para constituir una causa de acción, entre otros fundamentos, y de celebrado un juicio sobre los méritos, la corte inferior declaró sin lugar la demanda y la demanda complementaria, por las razones que a continuación se expresan:

"La prueba en este caso impone a la corte la siguiente declaración: no se ha probado la existencia del contrato alegado en la demanda. Es cierto que se ha traído una carta de Serapio Fernández, en la que habla a González Otero de remisiones de fondos, una de presente y otras para el futuro; pero no hay nada que demuestre el contrato que por la parte demandante se alega. Es posible que los demandantes tengan otro título y otra acción; pero la que en este pleito han ejercitado, no tiene en su apoyo la prueba necesaria para que la corte dicte sentencia en su favor.

"No hay necesidad de citar en esta opinión preceptos de ley, porque no hay un caso de hecho al que pudieran ser aplicados.

"En cuanto a la acción que se ejercita contra Ricardo González— demanda complementaria—no encontramos que exista tal acción."

El hecho declarado por la corte de que los demandantes

dejaron de probar el contrato alegado en la demanda hace enteramente caso omiso del estado de las alegaciones. Fernández en su contestación alega que desde el 23 de octubre de 1913 hasta junio 15, 1915, el primitivo demandante José González Otero, por el precio convenido de una cantidad anual tuvo en su casa en clase de huéspedes en su casa de Puerto de Vega, Provincia de Oviedo, España, a los dos hijos de dicho demandado, Oscar y Purificación. Esta clara manifestación aunque en ella se insiste en una compensación inferior a la indicada por los demandantes como que fué la convenida y se alega que el pago se hizo en dicho precio inferior, admite claramente la existencia de un contrato y una primitiva obligación de pagar por lo menos la manutención y alojamiento de los dos hijos, y pone únicamente en controversia la cuestión de la cantidad y del pago. Por tener relación con este punto podemos hacer referencia sin comentario, al artículo 1240 de nuestro Código Civil, el cual prescribe que "la indeterminación en la cantidad no será obstáculo para la existencia del contrato, siempre que sea posible determinarla sin necesidad de nuevo convenio entre los contratantes."

La carta a que ha hecho referencia el juez sentenciador es en parte como sigue:

"Puerta de Tierra, 20 junio 1914.—Sr. don José González Otero.— Mi querido tío:—Ayer jueves recibí su apreciable y deseada carta porque estaba con cuidado porque en la carta que me escribió Adelina me decía que hubo que levantarle la espinilla a Oscar, y en verdad que estaba con cuidado, porque es muy cierto que cuando viene una mala nunca viene sola, pero ya veo por la suya que sigue bien y de lo que me alegro que no haya novedad en ninguno de la familia, por ésta su casa todos nos hallamos buenos solamente sintiendo un fuerte calor que este verano será bueno. Adjunto le mando un giro por valor de quinientas pesetas yo de buena gana se lo mandaría de mil por no estar mandando con frecuencia pero no estamos muy fuertes de fondos, debido a que como el balance fué tan desastroso hemos tenido que ir pagando cuentas que tenía la tienda atrasadas pero ya están pagadas y no se le debe nada a nadie y tam-

bién llevamos gastado en mejorar las fincas que hemos comprado unos mil duros pero eso no importa para que dentro de un par de meses le mande otras quinientas pesetas más sin hacer ningún esfuerzo, por lo tanto le repito que se cuiden y no teman gastar un duro que para eso se trabaja y para eso también hay algo ya trabajado y más vale gastarlo en cuidarse que luego tenerlo que gastar en médicos y medicinas, también quedo enterado de que Oscar no aprende bien en la escuela pues yo también creo que tiene tiempo para aprender sobre todo que está libre de quintas, también quedo enterado de lo que me dice con respecto a lo que se gasta, pues si a V. le parece mucho en cambio a mí me parece poco, también le encargo y espero que me lo cumpla que no quiero que le coja dinero prestado a nadie a menos que sea por un caso imprevisto y para eso tiene V. a su sobrino, no recuerdo ahora su nombre pero es el hermano de Regino o sea el marido de la hija del difunto Sixto pues estoy muy agradecido de él porque fué el que le sirvió cuando la muerte de mi difunta Emilia y para el próximo cosecho del café de caracolillo le mandaré para que sepa lo mucho que yo aprecio los buenos servicios y sobre todo tratándose de mi inolvidable Emilia pues ya V. sabe que yo le tengo encargado que cuando necesite dinero lo pida sin ambajes ni rodeos porque del pequeño apuro que teníamos debido a lo indicado ya hemos salido, de ahora en adelante no hay más que recoger dinero para la caja pues teníamos cuentas por pagar atrasadas y las fuímos pagando poco a poco, también le decía que llevamos gastado en las fincas que compramos muy cerca de 1,000 duros en mejorarla pero no tenga cuidado que para fines de agosto le mandaré otras 500 pesetas o más si se necesitara pero lo que deseo es que no carezcan de nada y sobre todo que mi tía Felisa pueda disponer de un duro con toda libertad.    \*    \*    \*''

El siguiente estado de cuenta suscrito por el primitivo demandante poco antes de su fallecimiento también fué presentado como prueba:

"Puerto de Vega 1º. de agosto de 1914 a 1915.    Cuenta corriente de los gastos de mantención de los hijos de Serapio Fernández, Purita y Oscar.    A José González Otero, debe por once meses de comida.

| 1914.—Agosto | por | comida | Pstas. | 209 |
|---|---|---|---|---|
| Sebre. | por | *id.* | | 209 |
| Obre. | por | *id.* | | 209 |
| Nobre. | por | *id.* | | 209 |
| Dibre. | por | *id.* | | 209 |

| | | | | | |
|---|---|---|---|---|---|
| 1015.—Enero | por | *id.* | _____Pstas. __ | 209 |
| Febrero | por | *id.* | _____ __ | 209 |
| Marzo | por | *id.* | _____ __ | 209 |
| Abril | por | *id.* | _____ __ | 209 |
| Mayo | por | *id.* | _____ __ | 209 |
| Junio | por | *id.* | _____ __ | 209 |

Suma el sustento de dichos meses_____ 2300

"Un préstamo a don Vicente Trelles que yo le pedí para Serapio estando en mi casa.—Puerto de Vega, 10 de octubre 1915.—José González_____500.''

Creemos que la carta a que se ha hecho referencia muestra suficientemente el propósito y la promesa de reembolsar al causante del demandante en cualesquier gastos y desembolsos en que pudiera incurrir él por razón del sostenimiento y manutención de los hijos puestos bajo su cuidado. Otras declaraciones muestran concluyentemente que los hijos se encontraban bien vestidos, alimentados y cuidados y con razonable certeza que el tío suplió el dinero que se necesitaba para tal sostenimiento y manutención hasta una cantidad que aproximadamente es igual a las sumas expresadas en la demanda y en el estado de cuenta, *supra.* No se presentó prueba por la defensa y por tanto la nueva materia contenida en la contestación no es necesario que se considere excepto en cuanto en ella se admite el cuidado de los niños y la existencia de una obligación de pagar por sus alimentos y hospedaje.

Los demandantes tuvieron interés en determinar si Ricardo González estaba o no dispuesto a aceptar su herencia y el mero hecho de que en la súplica de la demanda complementaria se diga algo más de lo que tuvo en cuenta el estatuto no ha de producir el efecto de privarlos de cualquier remedio a que pueden tener derecho por razón de los hechos alegados. Si el heredero rehacio se decidiera a aceptar la herencia a pesar de su negativa a establecer su derecho contra el demandado en este caso, los demandantes tendrían derecho solamente a una participación pro rata en el dinero

que se debe; de otro modo deben ellos recobrar todo el importe de la deuda. El artículo 971 del Código Civil prescribe lo siguiente:

"Instando, en juicio, un tercer interesado para que el heredero acepte o repudie, deberá la corte de distrito señalar a éste un término, que no pase de treinta días, para que haga su declaración; apercibido de que, si no la hace, se tendrá la herencia por aceptada."

La sentencia apelada debe ser revocada, debiendo devolverse el caso a la corte inferior para ulteriores procedimientos que no sean incompatibles con esta opinión.

> *Revocada la sentencia y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.